a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SUBASH KHADKA #203675717,                   CIVIL DOCKET NO. 1:20-CV-01048
Plaintiff                                                                SEC P

VERSUS                                                              JUDGE JOSEPH

WILLIAM BARR ET AL,                     MAGISTRATE JUDGE PEREZ-MONTES
Defendants

_____

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §
2241 filed by Petitioner Subash Khadka ("Khadka"). Khadka is a detainee in the
custody of U.S. Immigration and Customs Service ("ICE").

Because Khadka fails to show that his removal is unlikely to occur in the
reasonably foreseeable future, his Petition should be DENIED and DISMISSED.

I.    Background

Khadka is a native and citizen of Nepal. ECF No. 1 at 3. Khadka has been in
post-removal order detention since December 2, 2019. ECF No. 1 at 4. Khadka
alleges that it is unlikely that he will be removed in the reasonably foreseeable future
"due to the failure of the Nepal embassy to provide a travel document, and due to the
ongoing coronavirus pandemic and the restrictions on international travel." ECF No.
1 at 5.

According to the Government, a formal request for a travel document was
submitted on December 11, 2019. ECF No. 11-1 at 2. The request was pending when

1

the global pandemic led to travel bans and the temporary freeze on the issuance of travel documents. *Id.*

## II.  Law and Analysis

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the six months, a detainee may seek release by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the six-month period expires.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated *Zadvydas* creates no specific limits on detention. In fact, a detainee may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support the claim. *Id.*

Khadka alleges that his removal is unlikely due to: (1) COVID-19 travel restrictions; and (2) because ICE did not obtain travel documents for his removal from the date of the request—December 11, 2019—through the declaration of the global pandemic March 11, 2020. ECF No. 1 at 5.

2

According to the Consulate General of Nepal, travel to and from Nepal has recently resumed.[1] And the Embassy is now accepting travel document applications.[2] The Court is aware of other petitioners being removed to Nepal in September, 2020. *See Bantha-Magar v. Deville*, 1:20-CV-00759, 2020 WL 7705490, at *1 (W.D. La. Dec. 7, 2020), *report and recommendation adopted*, 2020 WL 7705447 (W.D. La. Dec. 28, 2020); *Sapkota v. Lasalle Corr. Ctr.*, 1:20-CV-00851, 2020 WL 7415338, at *1 (W.D. La. Nov. 24, 2020), *report and recommendation adopted*, 2020 WL 7413794 (W.D. La. Dec. 17, 2020). Therefore, Khadka has not established that his removal is unlikely due to the COVID-19 pandemic.

As for the second basis for Khadka's Petition, the fact that a travel document was not issued from December 11, 2019, through March 11, 2020, does not mean that a travel document will not be issued in the reasonably foreseeable future. This allegation is conclusory, and therefore inadequate to satisfy Khadka's burden of proof. *See Gonzalez v. Bureau of Immig. & Customs Enforcement*, 2004 WL 839654, at *2 (N.D. Tex. 2004); *Idowu v. Ridge*, 3:03-CV-1293, 2003 WL 21805198 at *4 (N.D. Tex. Aug. 4, 2003) (petitioner must present something beyond speculation and conjecture to carry his burden).

Khadka does not allege that he was ever denied a travel document, nor does he present any reason why he would likely be denied a travel document. According to the Declaration of Deportation Officer Quincy Hodges, the "Nepal Consulate is generally cooperative in issuing travel documents for its citizens, and ICE regularly

---

[1] https://nyc.nepalconsulate.gov.np/
[2] https://us.nepalembassy.gov.np/travel-documents/

removes aliens to Nepal." ECF No. 11-1 at 2. Khadka does not contest, or offer any evidence to dispute, Officer Hodges's contention.

Khadka has not provided support for his allegation that his removal is "extremely unlikely" to occur in the reasonably foreseeable future. Khadka has not alleged any reason travel documents would be denied, nor has he identified any "particular individual barriers to his repatriation." *Idowu*, 2003 WL 21805198 at *4. No facts or evidence presented by Khadka suggest that his detention is "potentially permanent." *Andrade*, 459 F.3d at 543.

## III.  Conclusion

Because Khadka cannot meet his burden under *Zadvydas*, IT IS RECOMMENDED that Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, March 5, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE